# Commonwealth v. Senft.

*Amos W. Herrmann*, District Attorney, for Commonwealth.
*Walter I. Anderson*, for defendant.

SHERWOOD, J., May 23, 1929.—Fred Allen Senft, the defendant, was indicted to No. 2, January Sessions, 1929, charging him in two counts with murder and manslaughter. On Jan. 7, 1929, the defendant, being arraigned, pleaded guilty. On Tuesday, Jan. 15, 1929, the defendant having been convicted by confession, the court *in banc* proceeded to hear the testimony by the examination of witnesses for both the Commonwealth and the defendant.

The presumption of the law is that the crime of the prisoner was murder of the second degree. The burden was on the Commonwealth to show, by the examination of witnesses, that it was of the first degree, for his plea did not raise it to that degree. The law in its humanity, even when he pleaded guilty, still presumed that he had not wilfully, deliberately and premeditatedly taken life.

The rule of law applicable in this case is that "if from the evidence it appears that the prisoner did not think, reflect and weigh the nature of his act when he shot the deceased, or if a reasonable doubt intervenes to prevent a fair and honest mind from being satisfied that a deliberate and premeditated purpose to take life existed, this forbids a conviction of murder in the first degree." It is true that such is the swiftness of human thought that no time is so short in which a wicked man may not form a design to kill and frame the means of executing his purpose; yet this suddenness is opposed to premeditation, and a court (sitting to determine the degree of guilt) must be well convinced upon the evidence that there was time to deliberate and premeditate. The law regards, and the court must find, the actual intent; that is to say, the fully formed purpose to kill, with so much time for deliberation and premeditation as to convince them that the purpose is not the immediate offspring of rashness and impetuous temper and that the mind has become fully conscious of its own design: Com. *v.* Drum, 58 Pa. 9. Again, in Jones *v.* Com., 75 Pa. 403, it is said: "Intoxication is not an excuse for crime, but if it

deprives the intellect of power to think and weigh the nature of the act, it may prevent a conviction of murder in the first degree."

From all the evidence before us, which has been carefully considered, the court *in banc* is not convinced beyond a reasonable doubt that there was premeditation or deliberation on the part of the prisoner when he fired the fatal shot or that he did so with a specific intent to take life.

And now, to wit, May 23, 1929, the defendant having been convicted by confession and the court having proceeded by the examination of witnesses and having heard counsel for the defendant as required by law, we determine the degree of the crime, committed by Fred Allen Senft on Nov. 12, 1928, in killing Betty Mary Rudisill, to be murder of the second degree.

From Richard E. Cochran, York, Pa.